JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT WILLIAM JOHNSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DANIEL PARAMO,<br><br>　　　　　Respondent. | Case No. CV 16-02502 GHK (RAO)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR LACK OF JURISDICTION AND DENYING A CERTIFICATE OF APPEALABILITY |

On April 12, 2016, Petitioner Scott William Johnson ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition").

**I.　　FACTUAL AND PROCEDURAL BACKGROUND**[1]

On June 22, 1991, Petitioner was convicted of first-degree murder, second-degree robbery, and conspiracy to commit robbery. (Mem. of P&A ISO Pet. at 2; Pet., ¶ 2.) On July 17, 1991, Petitioner was sentenced to life imprisonment without the possibility of parole. (*Id.*)

---

[1] Unless otherwise indicated, the facts in this section are drawn substantially from the court records in the United States District Court for the Central District of California in Case No. 2:95-cv-02098-GHK-SH, of which this Court takes judicial notice. *See* Fed. R. Evid. 201; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of court records).

On March 31, 1995, Petitioner filed a petition for writ of habeas corpus by a person in state custody (the "March 1995 petition") in this Court, challenging his conviction and sentence in the Superior Court of California, County of Los Angeles. Respondent filed an answer to the March 1995 petition on April 26, 1995. Petitioner filed a traverse on June 20, 1995, and a supplemental traverse on October 11, 1995. The Court held an evidentiary hearing on September 20, 1995. On November 28, 1995, the Magistrate Judge issued his Report and Recommendation, recommending that the March 1995 petition be dismissed with prejudice on the merits. The Court accepted the Report and Recommendation and dismissed the March 1995 petition on January 3, 1996.

On January 16, 1996, Petitioner filed a notice of appeal. On January 13, 1998, the United States Court of Appeals for the Ninth Circuit affirmed the District Court's judgment.

On April 12, 2016, Petitioner filed the instant Petition. In the Petition, Petitioner again challenges his conviction and sentence in the Superior Court of California, County of Los Angeles.

## II. DISCUSSION

The instant Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
>   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral

        review by the Supreme Court, that was previously unavailable; or

        (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; [¶] (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

    (3)(A)   Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A); *see also* Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts.  In addition, Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that if it plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court, the judge shall summarily dismiss the petition.

    Here, the instant Petition is a second or successive petition challenging the same conviction and sentence as the prior action, which was dismissed with prejudice on January 3, 1996.  "If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court."  *Magwood v. Patterson*, 561 U.S. 320, 330-31, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010).  Petitioner, however, has failed to show that he has obtained permission from the Court of Appeals for the Ninth Circuit to file a second or successive petition.

///

1  Therefore, this Court lacks jurisdiction to consider the merits of the instant Petition. *See Magwood*, 561 U.S. at 331 ("[I]f [petitioner's] application was 'second or successive,' the District Court should have dismissed it in its entirety because he failed to obtain the requisite authorization from the Court of Appeals."); *see also Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas petition.") (quotations and citation omitted).

///

### III.  CERTIFICATE OF APPEALABILITY

Under AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

When the Court dismisses a petition on procedural grounds, it must issue a COA if the petitioner shows: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

Here, the Court is dismissing the Petition without prejudice because it is a successive petition without proper authorization from the Ninth Circuit. Since the Petition is patently a successive petition, Petitioner cannot make the requisite

showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

## IV.   ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **DISMISSED** without prejudice for lack of jurisdiction; and

2. A Certificate of Appealability is **DENIED**.

DATED: 4/19/16

_____
GEORGE H. KING
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE